105 P.3d 667

**KOOTENAI MEDICAL CENTER,**
Plaintiff–Appellant,

v.

**BONNER COUNTY COMMISSIONERS,**
Defendants–Respondents.

No. 29990.

Supreme Court of Idaho,
Coeur d'Alene, October 2004 Term.

Dec. 3, 2004.

■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■
■■■■■■■■■■■■■

Paine, Hamblen, Coffin, Brooke & Miller, Coeur d'Alene, for appellant. Michael B. Hague argued.

John R. Topp, Sandpoint, argued for respondent.

BURDICK, Justice.

This is a medical indigency case. Appellant, Kootenai Medical Center (KMC), appeals from the district court's decision affirming the Board of Bonner County Commissioners' decision denying indigent assistance for services rendered to a voluntarily admitted indigent patient. We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

An indigent female resident of Bonner County voluntarily admitted herself to the North Idaho Behavioral Health Unit (psychiatric unit) of KMC on two separate occasions: September 12 through September 21, 2001, and December 10 through December 16, 2001. Neither the patient nor anyone on her behalf requested her release during her stay at KMC. Her care cost approximately $26,000.

Each time the patient was admitted, KMC filed applications with Bonner County for county indigent assistance. According to the record, both applications were denied for the following reasons: "applicant is not medically indigent; Bonner County was not the last resource, the application was untimely filed, voluntary mental health services are the responsibility of the state, and the applicant has discretionary income sufficient to retire the debt over a three (3) year period."

KMC appealed to the Bonner County Commissioners. The Commissioners approved payment on both applications for the first three days of care and denied payment for the remaining days because KMC failed to initiate involuntary commitment proceed-ings pursuant to Chapter 3, Title 66, Idaho Code. Bonner County paid approximately $4,285.25.

KMC filed a petition for judicial review with the district court appealing the order denying payment beyond the first three days on both applications. The district court affirmed the decision. KMC filed a motion for reconsideration, which was denied.

KMC timely appeals the district court's decision affirming the order denying payment.

## ISSUES ON APPEAL

1. Did Bonner County improperly deny indigent assistance to a Bonner County resident who voluntarily admitted herself for treatment at Kootenai Medical Center?

2. Did the district court err in denying attorney fees to Kootenai Medical Center?

3. Should Kootenai Medical Center be awarded attorney fees on appeal?

## STANDARD OF REVIEW

■■■■■ The denial of an application for indigency benefits is reviewed under the Idaho Administrative Procedure Act. *Bonner General Hospital v. Bonner County*, 133 Idaho 7, 9, 981 P.2d 242, 244 (1999). This Court reviews the agency record independently from the district court acting in its appellate capacity under the Administrative Procedure Act. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998). Serious consideration is given to the district court's decision, but we review the matter as if the case were directly appealed from the agency. *Bonner General Hospital*, 133 Idaho at 9, 981 P.2d at 244. The county's decision may be overturned only where it: (a) violates statutory or constitutional provisions; (b) exceeds the agency's statutory authority; (c) was made upon unlawful procedure; (d) is not supported by substantial evidence in the record as a whole; or (e) is arbitrary, capricious, or an abuse of discretion. *Id.*

The Court exercises free review over interpretation of a statute. *Dyet v. McKinley*, 139 Idaho 526, 528, 81 P.3d 1236, 1238 (2003). Our primary function when interpreting a statute is to determine and give effect to the legislative intent. *Id.* "If the statutory language is unambiguous, 'the clearly expressed intent of the legislative body must be given effect, and there is no occasion for a court to consider rules of statutory construction.' " *Id.* The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or plain meaning leads to absurd results. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990).

## ANALYSIS

The appellant, KMC, argues Bonner County improperly denied indigent assistance to a Bonner County resident who voluntarily admitted herself to KMC. It contends that according to I.C. § 66–319, once the patient was voluntarily admitted it could not initiate judicial proceedings for involuntary commitment because she had not requested to leave the facility.

Bonner County Commissioners argue I.C. § 66–319 only applies if the patient was properly admitted under I.C. § 66–318. They contend that KMC prejudiced Bonner County by accepting the patient on a voluntary basis, when it should have only accepted the patient as an involuntary patient pursuant to I.C. § 66–318(b)(3). The argument concludes that because KMC did not follow proper procedures in admitting the patient, only the first three days of each admission should be paid by the County.

We must determine if Bonner County's decision to deny the indigent assistant application was correct. This requires us to interpret the voluntary admissions statutes for the mentally ill pursuant to Title 66, Chapter 3, Hospitalization of Mentally Ill.

Idaho Code § 66–318 gives authority to admit voluntary patients and provides when a facility must refuse admission to an applicant.

The director of any facility must refuse admission to any applicant under this section whenever: (1) The applicant is not in need of observation, diagnosis, evaluation, care or treatment at the facility; (2) The applicant lacks capacity to make informed decisions about treatment unless the application is made by a guardian with authority to consent to treatment; or (3) The applicant's welfare or the welfare of society, or both are better protected by the provisions of section 66–329.

I.C. § 66–318(b).

The record reflects that this patient was bi-polar, had a borderline personality disorder, and would scratch at her wrist. In September her doctor referred her to North Idaho Behavioral Health (KMC) for stabilization. The applicant had scratched her wrist causing a superficial laceration. Because the applicant agreed to treatment, KMC made the determination to voluntarily admit her.

At the administrative hearing, Bonner County Civil Counsel John Topp asked Ellen Sanford, a KMC representative, a hypothetical question—if the patient did not agree to treatment would she have been free to leave? Sanford answered, "If she does not agree to the treatment, and they believe she is in danger of hurting herself, they'll call the law enforcement agency to put her on hold." Topp followed up with, "In this case was she free to leave?" Sanford responded, "No, she would not have been free to leave." Sanford did not state why the patient would not have been free to leave. Topp then asked, "So, then, if she was not free to leave, shouldn't the provisions under the involuntary commitment proceedings been utilized?" Sanford replied, "I really can't speak to that."

Bonner County Commissioners did not find KMC should have refused admission to the patient for any of the factors outlined in I.C. § 66–318(b). Based upon hypothetical questions presented to a witness at the administrative hearing, Bonner County Commissioners found that the patient was an involuntary patient. The hypothetical possibility that if the patient had attempted to leave she would have been prevented from doing so did not convert the patient from

being a voluntary patient to being an involuntary one.

Bonner County Commissioners erroneously found that the patient had been involuntarily admitted. The evidence does not support this finding. The next issue in dispute is whether the facility erred in not initiating involuntary commitment proceedings once the patient had been admitted voluntarily.

The legislative purpose for the Hospitalization of Mentally Ill Act is as follows:

[Idaho's] mentally disabled citizens are entitled to be diagnosed, cared for, and treated in as expedient a manner possible consistent with their legal rights, in a setting no more restrictive than their protection and the protection of society require, for a period no longer than reasonably necessary for diagnosis, care, treatment and protection, and to remain at liberty or be cared for privately except when necessary for protection of themselves or society.

1981 Idaho Sess. Laws ch. 114, sec 1, p. 171.

Idaho Code § 66–319 provides in part,

The director of an inpatient facility shall release any person, admitted in accordance with the procedure outlined in section 66–318, Idaho Code, whose continued care or treatment is no longer appropriate. If upon evaluation at the facility, it is determined that the patient is mentally ill and is likely to injure himself or others or is gravely disabled the director of the facility shall institute appropriate judicial proceedings, for continued care and treatment. . . .

Idaho Code § 66–320(b) provides:

Notwithstanding any other provision of this chapter, judicial proceedings authorized by this chapter shall not be commenced with respect to a voluntary patient unless release of the patient has been requested by himself or the individual who applied for his admission.

We find that these two statutes are consistent with one another. Pursuant to I.C. § 66–319 the director may evaluate a potential patient upon presentment and determine whether or not to initiate involuntary commitment proceedings prior to admitting the patient. Pursuant to I.C. § 66–320 once the patient is voluntarily admitted to the facility,

judicial proceedings may not be initiated unless the patient has asked to be released or the person who admitted the patient asks for their release and the director feels the patient is a danger to himself or others. Therefore, having accepted and admitted this patient as a voluntary patient, KMC could not initiate involuntary commitment proceedings against her because she did not ask to leave the facility. The Board of Commissioners' decision denying payment because KMC did not initiate judicial proceedings against this voluntarily admitted patient is inconsistent with the statute. The district court erred in affirming the decision.

## ATTORNEY FEES

■ Kootenai Medical Center argues the district court erred in not awarding them attorney fees pursuant to I.C. § 12–117 and the public attorney general doctrine. We affirm the district court's decision.

In an administrative or civil judicial proceedings against a state agency, a county, or a city the court may award reasonable attorney fees, witness fees, and reasonable expenses to the prevailing party if the opposing party acted without a reasonable basis in fact or law. I.C. § 12–117. In this case, the Appellant is raising issues of first impression to this Court and therefore we do not believe Bonner County acted without a reasonable basis in fact or law. Therefore, we affirm the district court's denial of attorney fees under I.C. § 12–117.

■ As this Court has explained, a court may not award attorney fees against a state agency under the private attorney doctrine. *State v. Hagerman Water Right Owners, Inc.*, 130 Idaho 718, 947 P.2d 391 (1997) (citing *Roe v. Harris,* 128 Idaho 569, 573, 917 P.2d 403, 407 (1996)).

Comparing the private attorney general doctrine with I.C. § 12–117, the private attorney general doctrine considers the value of the prevailing party's contribution, while I.C. § 12–117 considers the character of the losing party's case. This difference evidences a legislative intent to make the standard of I.C. § 12–117 the basis for an attorney fee award against a state

agency, rather than the tests encompassed under the private attorney general doctrine. The legislative intent causes us to rule that the private attorney general doctrine is not available as the basis for an award of attorney fees in a case against a state agency.

*Hagerman Water Right Owners, Inc.,* 130 Idaho at 722–23, 947 P.2d at 395–96. The original trial court opinion rendered by the S.R.B.A. was dated April 1993. In 1994, the Idaho legislature amended I.C. § 12–117 to include "a city, a county, or other taxing district." Although the quotation from *Hagerman* refers only to a state agency, the statute now includes counties. However, the court's original analysis remains the same and therefore, the private attorney general doctrine is not available as the basis for an award of attorney fees in a case against a county.

We decline to award attorney fees on appeal to either party pursuant to I.C. § 12–117 or the public attorney general doctrine.

## CONCLUSION

The district court's decision affirming Bonner County Commissioners' decision to deny indigent assistance for services rendered to the voluntarily admitted indigent patient is reversed. Once the patient was voluntarily admitted into the facility, KMC could not initiate judicial proceedings against the patient unless the patient requested to be released. The district court's denial of attorney fees is affirmed. The award of attorney fees on appeal is denied because this is an issue of first impression. Costs to KMC on appeal.

Chief Justice SCHROEDER and Justices TROUT, KIDWELL and EISMANN concur.