125 P.3d 515

In the Matter of Application for Transfer No. 5639 in the Name of K & W Dairy, Applicant.

Bill CHISHOLM, Petitioner–Appellant,

and

Lee Halper, Petitioner,

v.

IDAHO DEPARTMENT OF WATER RESOURCES and K & W DAIRY, Respondents.

In the Matter of Application for Transfer No. 5639 in the Name of K & W Dairy, Applicant.

Lee Halper, Petitioner–Appellant,

and

Bill Chisholm, Petitioner,

v.

Idaho Department of Water Resources And K & W Dairy, Respondents.

Nos. 30843, 30844.

Supreme Court of Idaho, Twin Falls, November 2005.

Nov. 23, 2005.

William K. Chisholm, Buhl, pro se appellant argued in case no. 30843.

Hon. Lawrence G. Wasden, Attorney General, Boise for respondent Department of Water Resources in cases 30843 and 30844. Christopher Michael Bromley argued.

Fredericksen, Williams, Meservy & Lothspeich, LLP, Jerome and Givens, Pursley, LLP, Boise, for respondent K & W Dairy in case 30843. Christopher H. Meyer argued.

Lee Halper, Jerome, pro se appellant argued in case no. 30844.

Fredericksen, Williams, Meservy & Lothspeich, LLP, Jerome, for respondent K & W Dairy in case no. 30844. Christopher H. Meyer argued.

BURDICK, Justice.

This consolidated case is a review of a decision by the Idaho Department of Water Resources (IDWR) approving a water right transfer to a proposed dairy outside of Je-

rome, Idaho. Appellants Bill Chisholm (Chisholm) and Lee Halper (Halper) appeal this decision, arguing that because of odors that will be emitted from the proposed dairy the water rights transfer does not comport with the local public interest standard contained in Idaho Code § 42–222 (1997). They also assign error to the hearing officer's failure to admit certain of their proffered exhibits. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Respondent K & W Dairy (K & W) operates two dairies in the Magic Valley. In 1999 it sought to expand its dairy operations onto land located outside of Jerome, Idaho. K & W filed an application with IDWR for a transfer of water rights to meet the needs of the proposed dairy. Part of the water was to be used to flush solid waste from the parlor and alleys of the new dairy. Appellants filed separate protests.

An IDWR hearing officer held a hearing in the matter of the proposed transfer of water rights. The hearing officer took evidence on a range of issues, including odor control measures, and issued a preliminary order approving K & W's application. Chisholm filed a petition for reconsideration. After granting Chisholm's petition, the hearing officer issued an amended preliminary order mandating that K & W employ a mechanical scrape system. Chisholm and Halper then filed petitions for reconsideration, and after granting the petitions the hearing officer issued a second amended preliminary order affirming his decision. By rule, this order became final when the Appellants failed to seek administrative review.

The Appellants then filed a petition for judicial review. District Judge Barry Wood heard oral arguments and issued an opinion remanding the second amended preliminary order directing IDWR to consider whether the odors emitted from the proposed dairy would be reasonable and comport with the local public interest.[1] Following this remand, the hearing officer ultimately issued a second preliminary order granting K & W's transfer application subject to certain conditions (IDWR's Final Order).

The Appellants then jointly filed for judicial review in the Fifth Judicial District. The Honorable John K. Butler presided over the appeal, and Appellants argued that the hearing officer had erred in failing to admit their proffered exhibits. However, they had failed to make these exhibits part of the record before the district court. After oral argument, Judge Butler affirmed IDWR's Final Order. The Appellants then each timely filed an appeal to this Court, and their cases were consolidated. Additionally, the parties stipulated to making the proffered exhibits part of the record before this Court, solely for the purpose of enabling the Court's review of their admissibility.

## II. ISSUES ON APPEAL

1. Is Appellant Halper's trespass claim properly before the Court?

2. Should the Court consider certain attachments to Appellant Halper's opening brief?

3. Did the hearing officer abuse his discretion by excluding certain of Appellant's proffered exhibits?

4. Are the hearing officer's findings and conclusions supported by substantial and competent evidence?

5. Are K & W and IDWR entitled to attorney's fees on appeal?

## III. STANDARD OF REVIEW

In an appeal from a decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Chisholm v. Twin Falls*

---

1. Judge Wood also concluded that allowing the changes in water rights would not injure other water rights, would not constitute an enlargement in the use of the original rights and was consistent with the conservation of water resources in the state of Idaho. He also determined that IDWR's conclusion that the transfer was in the local public interest as to economic effects and lack of ground water contamination was supported by the record. The Appellants have not appealed these determinations.

*County,* 139 Idaho 131, 132, 75 P.3d 185, 187 (2003). We review an appeal from an agency decision based upon the record created before the agency. *Dovel v. Dobson,* 122 Idaho 59, 61, 831 P.2d 527, 529 (1992). The Court does not substitute its judgment as to the weight of the evidence presented, Idaho Code § 67–5279(1), but instead defers to the agency's findings of fact unless they are clearly erroneous. *Chisholm,* 139 Idaho at 132, 75 P.3d at 187. When conflicting evidence is presented the agency's findings must be sustained on appeal, as long as they are supported by substantial and competent evidence, regardless of whether we might have reached a different conclusion. *Barron v. Id. Dept. of Water Resources,* 135 Idaho 414, 417, 18 P.3d 219, 222 (2001).

■ "A strong presumption of validity favors an agency's actions." *Young Elec. Sign Co. v. State ex rel. Winder,* 135 Idaho 804, 807, 25 P.3d 117, 120 (2001).

> The agency's action may be set aside, however, if the agency's findings, conclusions, or decisions (a) violate constitutional or statutory provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence on the record as a whole; or (e) are arbitrary, capricious, or an abuse of discretion. In addition, this Court will affirm an agency action unless a substantial right of the appellant has been prejudiced.

*Cooper v. Bd. of Prof. Disc. of Id. State Bd. of Med.,* 134 Idaho 449, 454, 4 P.3d 561, 566 (2000) (citing I.C. § 67–5279(3)). The party challenging the agency action must first show that the agency erred in a manner specified in I.C. § 67–5279(3) and then establish that a substantial right has been violated. *Barron,* 135 Idaho at 417, 18 P.3d at 222.

## IV. ANALYSIS

The Appellants assert the hearing officer failed to meet statutory requirements when granting a water transfer permit to K & W because the hearing officer did not consider the "local public interest." The local public interest, the Appellants contend, would be ill served by allowing an additional odor-producing dairy into the Jerome area. In response, K & W and IDWR argue the hearing officer properly considered the local public interest when making his determination and reached a decision supported by substantial and competent evidence. K & W and IDWR maintain that the hearing officer weighed multiple factors relevant to the local public interest and that the Appellants simply wish this Court to reweigh the evidence considered below.

Before addressing the hearing officer's consideration of the local public interest, we must first examine whether one Appellant's trespass argument is properly before this Court and certain evidentiary issues.

### A. Halper's Trespass Argument Is Not Properly Before This Court

■ In his appeal to this Court, Halper asserts that the introduction of dairy odors onto his property constitutes trespass by K & W. Respondent K & W contends that this argument is not properly before the Court, and moreover, it must fail because Halper has failed to make a prima facie case of trespass. A review of Halper's statement of issues reveals that he made no mention of trespass as an issue on appeal. Additionally, these issues were not ruled on by the hearing officer or the district court. Therefore, this issue is not properly before the Court, and we will not consider it.

### B. The Court Will Not Consider Attachments 2 and 4 to Halper's Opening Brief

■ Halper's opening brief contains four attachments. IDWR argues that two attachments, a final IDWR order regarding a different application for the transfer of a water right by Salmon Falls Land and Livestock Company, and an industrial hygiene resource study prepared by a Boise law firm regarding land application of wastewater by Glanbia Foods near Gooding, Idaho, cannot be considered by this Court.

■ This Court is bound by the record and cannot consider matters or materials that are not part of the record or not contained in the record. *State ex rel. Ohman v. Ivan H. Talbot Fam. Trust,* 120 Idaho 825,

827, 820 P.2d 695, 697 (1991). Therefore, this Court cannot consider these two attachments to Halper's opening Brief.

### C. The Hearing Officer Did Not Err in Excluding Certain Exhibits.

The Appellants contend the IDWR hearing officer erred in refusing to admit several exhibits the Appellants attempted to offer into evidence during the two hearings after remand. These exhibits were identified at the hearing as exhibits C, D, E, F, G, N, O, P, Q and R. The majority of the excluded exhibits were documents that provided general information about the control of odor problems or the health effects of odor concentrations.

During these two hearings, the hearing officer declined to accept the Applicants' exhibits C, D, E, F, G, and N because the Applicants were unable to explain how these documents were relevant to K & W's application. The hearing officer declined to admit exhibits O, P, and Q because they lacked adequate foundation. The hearing officer also declined to admit exhibit R, several newspaper articles and an attached e-mail offered by Halper, reasoning that email is unreliable and that newspaper articles are not always accurate.

██ When ruling on the admissibility of evidence, a hearing officer is not bound by the Idaho Rules of Evidence. IDAPA 37.01.01.600. Evidence should be admitted to assist, rather than frustrate, development of the record. IDAPA 37.01.01.600. "The presiding officer, with or without objection, may exclude evidence that is irrelevant, unduly repetitious, inadmissible on constitutional or statutory grounds, or on the basis of any evidentiary privilege provided by statute or recognized in the courts of Idaho." *Id.; see also* I.C. § 67–5251(1). Additionally, "[a] strong presumption of validity favors an agency's actions." *Young Elec. Sign Co.*, 135 Idaho at 807, 25 P.3d at 120. This Court will only reverse a hearing officer's decision on the admissibility when there has been an abuse of discretion; however, the Court reviews questions of relevancy de novo. *Soong v. Id. Dept. of Health & Welfare*, 132 Idaho 166, 168, 968 P.2d 261, 263 (Ct.App.1988); *see also Myers v. Workmen's Auto Ins., Co.*, 140 Idaho 495, 505, 95 P.3d 977, 987 (2004).

██ The Appellants bear the burden of showing error on appeal. I.C. § 67–5279(4); *Barron*, 135 Idaho at 417, 18 P.3d at 222. Here, Appellants have failed to meet that burden. Neither Halper nor Chisholm articulated the relevance of the proffered exhibits to the satisfaction of the hearing officer. On appeal they have likewise failed to clarify how C, D, E, F, G, and N are relevant to K & W's proposed plan; they continue to argue that the exhibits provide useful background information. They have also failed to articulate an argument suggesting that the exclusion of exhibits O, P, Q or R was in error. Lacking such a showing by the Appellants, no error by the hearing officer can be found.[2] Therefore, since the Appellants have failed to show error and a presumption in favor of the validity of an agency action exists, this Court affirms the decision of the hearing officer regarding the exclusion of these proffered exhibits.

### D. The Hearing Officer's Decision Was Supported by Substantial and Competent Evidence

██ This case centers around the application of the local public interest standard to the facts before the hearing officer. The Appellants argue this Court should reject IDWR's finding of facts and deny the transfer application because K & W has failed to present any evidence that the dairy will not add to the existing odor problem; this, they contend, is a violation of the local public interest standard. They also assert that the hearing officer failed to consider both the positive and negative aspects of the proposed dairy. IDWR and K & W maintain that the findings of fact are supported by substantial and competent evidence and should be affirmed by this Court.

---

**2.** Additionally, the Appellants have failed to show how the exclusion of these exhibits affected a substantial right.

This case is governed by prior law. At the time K & W applied for the transfer, Idaho Code § 42–222 provided, in pertinent part:

The director of the department of water resources shall examine all the evidence and available information and shall approve the change in whole, or in part, or upon conditions, provided ... the change is consistent with the conservation of water resources within the state of Idaho and *is in the local public interest as defined in section 42–203A(5)*, Idaho Code ...

1997 Idaho Session Laws, ch. 373, § 2, at 1188 (emphasis added). Prior to 2003, the local public interest was defined as "the affairs of the people in the area directly affected by the proposed use." 1978 Idaho Session Laws, ch. 306, § 1, at 768.[3]

■ This Court determined that by adopting the general phrase "local public interest," the legislature "intended to include *any locally important* factor impacted by the proposed appropriations." *Shokal v. Dunn*, 109 Idaho 330, 338–39, 707 P.2d 441, 449–50 (1985) (emphasis added). "Local public interest" should be read broadly so as to secure the greatest possible benefit. *Id.* at 338, 707 P.2d at 449. Factors of the local public interest carry different weight depending on the specific circumstances and interests involved, and both the benefits and detriments must be considered. *Id.* at 339, 707 P.2d at 450.

After taking extensive evidence regarding K & W's proposed odor control measures and holding two hearings exclusively on the odor issue, the hearing officer concluded that the proposed odor control measures for the dairy operation met the local public interest standard when balanced with other factors. He recognized that this determination was subjective and included consideration of the effect of the dairy on the economy of the area,

the effect on recreation, fish and wildlife resources, and compliance with applicable air, water and hazardous substance standards and with planning and zoning ordinances of local and state jurisdictions in addition to odor.

■ When conflicting evidence is presented, the agency's findings are binding on this Court as long as they are supported by substantial and competent evidence, regardless of whether we might have reached a different conclusion. *Barron*, 135 Idaho at 417, 18 P.3d at 222. "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Jarvis v. Rexburg Nursing Ctr.*, 136 Idaho 579, 583, 38 P.3d 617, 621 (2001). Substantial evidence is less than a preponderance of evidence, but more than a mere scintilla. *Evans v. Hara's, Inc.*, 123 Idaho 473, 478, 849 P.2d 934, 939 (1993). Substantial evidence need not be uncontradicted, nor does it need to necessarily lead to a certain conclusion; it need only be of such sufficient quantity and probative value that reasonable minds could reach the same conclusion as the fact finder. *See Mann v. Safeway Stores, Inc.*, 95 Idaho 732, 736, 518 P.2d 1194, 1198 (1974).

■ Here, Appellants misunderstand the contours of the local public interest and the standard required to find that a proposed water rights transfer meets the local public interest. Halper equates one narrow issue— the odor and its related negative effects—as *the* local public interest. This is too narrow a definition; the local public interest has many elements and the determination of which local public interests are impacted and balancing those impacts is left to the sound discretion of IDWR. *Shokal*, 109 Idaho at 338–39, 707 P.2d at 449–50. In a similar vein, Chisholm argues that there is simply no evidence

---

**3.** In 2003, the legislature narrowed the definition of local public interest considerably. I.C. § 42–222 was amended to refer to the definition of the local public interest contained in I.C. § 42–202B. 2003 Idaho Session Laws, ch. 298, § 3, at 810. In turn, I.C. § 42–202b(3) defines the local public interest as "the interests that the people in the area directly affected by a proposed water use have in the effects of such use on the public water resource." I.C. § 42–202B(3); 2003 Ida-

ho Session Laws, Ch. 298, § 1, at 806. However, in denying a motion for summary judgment, IDWR determined that this new definition could not be applied to pending applications. K & W did not appeal this determination nor did they appeal Judge Woods' determination that dairy odor here was properly considered under the local public interest criteria. Thus those issues are not before us.

in the record that the proposed dairy will not add to the existing problem. However, this is too strict a standard; there must only be evidence that the odors emitted will be reasonable and at such a level as to satisfy the local public interest when balanced with other factors. *See id.* Here, the hearing officer weighed elements such as water conservation, the creation of jobs and generation of economic activity, and the non-injury to other water rights. Taking such a narrow view of the definition of local public interest and the standard required to meet it, Appellants have asked this Court to reweigh the evidence and mandate on remand that IDWR not approve this or additional transfer applications for dairies in the future. This the Court will not do. *See Barron,* 135 Idaho at 417, 18 P.3d at 222.

Appellants also argue that the hearing officer refused to consider their evidence and testimony when making his decision. However, a review of his final order reveals the hearing officer specifically considered the existing odor problem although he did not reach the conclusion desired by the Appellants. He considered both the Appellants' concerns and the testimony of their witnesses regarding the odors created by the numerous dairies in the area, as well as written evidence regarding health effects from odors.

Moreover, the hearing officer's findings and conclusions are supported by substantial and competent evidence. The record contains undisputed evidence that the odor problem in the area is attributable to utilizing a flush system. The record details K & W's proposed odor management plan, including a mechanical scrape system. Additionally, several experts testified about the effects of this plan. One of K & W's experts opined that this plan would reduce emissions and odors. Another expert testified that K & W's proposed plan would have a minimal impact on the odor problem in the Magic Valley. A third expert testified that K & W's plan was a comprehensive plan that would not produce offensive odors typically associated with flush systems. He recognized that the plan would not reduce odors that already exist in the Magic Valley, but also that it would not significantly increase the odor problem in the area because any odors that escaped from the borders of the proposed dairy would have an "earthy smell" rather than a "septic rotten egg smell." Conversely, none of the Appellants' witnesses were able to say that they had any facts which would show that K & W's odor management plan would not work.

It is not this Court's place to reweigh the evidence submitted to the hearing officer, or to opine how the Court would rule on the factual questions if we were in a position to do so. Likewise, it is not this Court's place to mandate a certain decision in this or future cases. Since our standard of review asks simply whether the hearing officer's findings and conclusions are supported by substantial and competent evidence, and in this instance such evidence was presented, we affirm IDWR's Final Order.

### E. Attorney's Fees

Both K & W and IDWR request attorneys fees pursuant to I.C. § 12–117 and I.A.R. 41. Idaho Appellate Rule 41 provides the procedure for requesting attorney fees on appeal, but is not authority alone for awarding fees. *Shawver v. Huckleberry Estates,* 140 Idaho 354, 365, 93 P.3d 685, 696 (2004). However, Idaho Code § 12–117 provides that in an administrative or civil judicial proceedings against a state agency, a county, or a city the court may award reasonable attorney fees to the prevailing party if the opposing party acted without a reasonable basis in fact or law. I.C. § 12–117; *Kootenai Med. Ctr. v. Bonner County Commrs.,* 141 Idaho 7, 10–11, 105 P.3d 667, 670–71 (2004). Here, the Appellants did not act without a reasonable basis in fact, and the Court does not award attorney's fees.

### V. CONCLUSION

The hearing officer did not error in excluding certain of Appellants' proffered exhibits. IDWR's Final Order is supported by substantial and competent evidence, and the hearing officer properly considered the local public interest. This Court affirms the decision below. Costs to Respondents.

Chief Justice SCHROEDER and Justices TROUT, JONES and Justice Pro Tem CAREY, concur.