69 P.3d 1059

**Douglas R. PALMER as Guardian Ad Litem for Kenda Palmer, a minor, Plaintiff–Appellant,**

v.

**Francis K. SPAIN, M.D., Defendant– Respondent.**

No. 27907.

Supreme Court of Idaho, Boise, February 2003 Term.

May 1, 2003.

E. Lee Schlender, Mountain Home, for appellant.

Quane Smith, Boise, for respondent. Richard L. Stubbs argued.

KIDWELL, Justice.

Douglas R. Palmer (Palmer), as guardian ad litem for Kenda Palmer (Kenda), sued Dr. Francis Spain, a family·physician, and Gritman Medical Center (Gritman) for an injury Kenda sustained during her birth. Gritman settled with the plaintiffs and after a trial, a jury found in favor of Spain. Palmer filed a motion for new trial and relief from judgment, which the district court denied. Palmer appeals the district court's denial of his motions. The judgment of the district court is affirmed.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On October 3, 1993, Spain attended to Kenda's birth at Gritman. Kenda suffered a brachial plexus impairment (nerve damage), commonly referred to as Erb's Palsy, to her right shoulder due to impaction on her mother's pubic bone during the birthing process.

On September 28, 1995, Palmer sued Spain alleging he negligently delivered Kenda, causing her injury and resulting damages. Spain defended on the grounds he satisfied the required standard of care by performing the necessary obstetrical maneuvers and that Kenda's injury was due to a rapid descent and/or twisting in the birth canal. Palmer also named Gritman as a defendant. Palmer and his wife, Kenda's mother, Malenna Palmer, made individual claims against both Spain and Gritman. On March 26, 2001, Gritman was dismissed from the case after settling with all the plaintiffs. The district court dismissed the individual claims of Mr. and Mrs. Palmer against Spain prior to trial.

Thus, only Kenda's claim, brought by and through Palmer, survived. On June 27, 2001, after a trial, the jury returned a verdict finding Spain was not negligent. On July 2, 2001, the district court entered judgment in accordance with the jury's verdict.

On July 9, 2001, Palmer filed a motion for judgment notwithstanding the verdict (JNOV) under I.R.C.P. 50(b) or, alternatively, a motion for a new trial under I.R.C.P. 59(a)(6). During a July 19, 2001, hearing, the district court denied both motions. On September 7, 2001, the district court entered an order, proposed by Palmer, denying the motions for JNOV and/or new trial. Palmer adopted the transcript of the hearing as his proposed order. On September 10, 2001, Palmer filed a motion for reconsideration of motion for a new trial under I.R.C.P. 59(a)(1) and (2), 59(d) and a motion for relief from judgment under Rule 60(b), which he amended on September 17, 2001. Palmer refers to the motion under Rule 60(b) as a motion for new trial. Similarly, the district court refers to the Rule 60(b) motion as a motion for a new trial. However, a party may not seek a new trial under Rule 60(b), a motion under rule 60(b) is a motion for relief from judgment. The motions for reconsideration and for relief from judgment were supported in part by the affidavit of juror Jeanene Hickman (Hickman). During a September 27, 2001, hearing, the district court denied the amended motion to reconsider and the motion for relief from judgment. On October 23, 2001, the district court entered an order of its decision to deny the amended motion for reconsideration.

Palmer timely filed this appeal. He does not challenge the district court's denial of his motion to reconsider motion for a new trial.

## II.

## STANDARD OF REVIEW

■ This Court reviews a district court's ruling on a motion for a new trial, or motion for relief from judgment, for an abuse of discretion. *Sheridan v. St. Lukes Reg'l Med. Ctr.*, 135 Idaho 775, 780, 25 P.3d 88, 93 (2001) (citing *Bott v. Idaho State Bldg. Auth.*, 122 Idaho 471, 835 P.2d 1282 (1992)); *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 53 P.3d 330 (2002). Absent an abuse of discretion, this Court affirms the district court's decision. *Sheridan*, 135 Idaho at 780, 25 P.3d at 93 (citing *First Realty & Inv. Co. v. Rubert*, 100 Idaho 493, 600 P.2d 1149 (1979)).

## III.

## ANALYSIS

### A. The District Court Did Not Abuse Its Discretion When It Denied Palmer's Motion For A New Trial Pursuant To I.R.C.P. 59(a).

■ The district court may grant a new trial if the evidence is not sufficient to justify the verdict or if the verdict is against the law. I.R.C.P. 59(a)(6) (2002). The district court has broad, but not unlimited, discretion to grant a new trial under Rule 59(a)(6). *Sheridan*, 135 Idaho at 779, 25 P.3d at 92 (citing *Quick v. Crane*, 111 Idaho 759, 766, 727 P.2d 1187, 1194 (1986)). A district court may exercise its discretion in favor of granting a new trial if, after weighing all the evidence, it concludes the evidence does not support the verdict and justice would be served by vacating the verdict. *Id.* at 780, 25 P.3d at 93. The court is not required to view the evidence in a light most favorable to the prevailing party and may grant a new trial even though substantial evidence supports the verdict. *Id.* To determine if the district court abused its discretion, this Court focuses on the process by which the district court reached its decision. *Id.* When reviewing a matter of discretion, this Court engages in a three part analysis to determine whether the district court: (1) correctly perceived the issue as discretionary; (2) acted within the boundaries of its discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Reed v. Reed*, 137 Idaho 53, 57, 44 P.3d 1108, 1112 (2002).

### 1. The district court correctly perceived the grant or denial of Palmer's motion for a new trial pursuant to I.R.C.P. 59(a)(6) as an issue of discretion.

During the July 19, 2001, hearing on Palmer's Rule 59(a)(6) motion for a new trial, the

district court recognized the analytical process necessary to decide a motion for new trial. The district court stated:

> The standard in order to grant a new trial [requires me to] apply a two prong test. First, ... I must find that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict. And two, I must find that a retrial would produce a different result.

When a district court recognizes the analytical process by which it may determine whether to grant or deny a motion for a new trial, it correctly perceives the issue as one of discretion. *See Sheridan*, 135 Idaho at 780–81, 25 P.3d at 93–94; *Sheridan v. Jambura*, 135 Idaho 787, 789, 25 P.3d 100, 102 (2001). Therefore, the district court correctly perceived the decision of whether to grant or deny a motion for a new trial under Rule 59(a)(6) as an issue of discretion.

**2. The district court acted within the boundaries of its discretion and consistently with applicable legal standards in denying Palmer's motion for a new trial.**

As the district court recognized, the legal standard for deciding a motion for a new trial involves two different tests. *Sheridan*, 135 Idaho at 781, 25 P.3d at 94 (citing *Burggraf v. Chaffin*, 121 Idaho 171, 174, 823 P.2d 775, 778 (1991)). First, the district court must consider whether the verdict is against the weight of the evidence and if justice would be served by vacating the verdict. Second, the district court must consider whether a new trial would produce a different result. *Id.* (citing *Robertson v. Richards*, 115 Idaho 628, 769 P.2d 505 (1989)).

In weighing the evidence, the district court independently determines whether the evidence, including the credibility of witnesses, supports the verdict. *Id.* The district court stated:

> My assessment of the case is that excessive traction was applied to this baby resulting in her brachial plexus injury, but I'm not sure that gets you a new trial.... Just because I would have decided the case differently than what a jury would have decided it, is not, as I understand, my obligation.

The district court recognized the verdict was largely a credibility determination and the jury could believe the evidence supported Spain's argument that he performed the necessary obstetrical maneuvers and Kenda's injury was due to her rapid descent and/or twisting through the birth canal. The district court stated: "[J]ust because I would make a determination different than what the jury determined, I should not overturn that jury's prerogative.... [I]f I thought there were basis for me to do differently I would do it. I don't think there is a basis for me to decide this case differently...." The district court also commented that "it would be inappropriate for me to grant a new trial, even if I conclude on a credibility determination, I would decide it differently." *Quick v. Crane*, 111 Idaho 759, 768, 727 P.2d 1187, 1196 (1986) (determining that a judge, in most cases, should accept the jury's findings even if the judge doubts some of their conclusions). The district court went on to say: "[I]f I thought [the jury] had made a mistake ... I [would] overturn the verdict and give you a new trial. But under these facts I do not believe ... I can conclude that ... the jury has acted inappropriately." Based on the foregoing, the district court properly weighed the evidence and found it was not against the verdict and that justice would not be served by vacating the verdict.

The district court recognized the second test, whether a new trial will produce a different result, but failed to expressly make a finding. However, since the district court found the first test was not satisfied, it was not required to expressly determine whether a new trial would produce a different result.

**3. The district court reached its decision to deny Palmer's motion for a new trial pursuant to Rule 59(a)(6) by an exercise of reason.**

The role of this Court, in determining if the district court reached its decision by an exercise of reason, is to review the process the district court engaged in to make its decision. *Sheridan v. St. Lukes Reg'l.*

*Med. Ctr.*, 135 Idaho at 781, 25 P.3d at 94. The district court must disclose its reasoning for granting or denying the motion for a new trial unless its reasoning is obvious from the record. *Id.* The discussion in Part II A2 above demonstrates that during the July 19, 2001, hearing, the district court considered the facts of the case, each of the party's arguments, and the applicable standards of the law in reaching its decision to deny Palmer's motion for a new trial by an exercise of reason.

**B. The District Court Did Not Abuse Its Discretion When It Denied Palmer's Motion For Relief Of Judgment Under I.R.C.P. 60(b).**

 A party may seek relief from a final judgment based on mistake, surprise or excusable neglect; newly discovered evidence; fraud; misrepresentation or misconduct; a void or satisfied judgment; or any other reason justifying relief from judgment. I.R.C.P. 60(b); *First Bank & Trust of Idaho v. Parker Bros. Inc.*, 112 Idaho 30, 32, 730 P.2d 950, 952 (1986). In order to obtain relief from judgment, the moving party must specify the grounds upon which it is entitled to relief from judgment. *Id.* Although the district court has broad discretion in deciding a Rule 60(b) motion, the motion may be granted only upon a showing of unique and compelling circumstances. *Miller v. Haller,* 129 Idaho 345, 348, 924 P.2d 607, 610 (1996). When reviewing a district court's denial of a motion for relief from judgment, this Court applies the abuse of discretion analysis to determine whether the district court: (1) correctly perceived the issue as discretionary; (2) acted within the boundaries of its discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Reed v. Reed,* 137 Idaho at 57, 44 P.3d at 1112.

**1. The district court correctly perceived the grant or denial of Palmer's motion for relief from judgment pursuant to I.R.C.P. 60(b) as an issue of discretion.**

The district court recognized the issue of whether to grant a motion for relief from judgment as one of discretion when it stated during the September 27, 2001, hearing that: "[U]nder 60(b) you have to show unique and compelling circumstances" in order to obtain relief from judgment.

**2. The district court acted within the boundaries of its discretion and consistently with applicable legal standards in denying Palmer's motion for relief from judgment.**

 Palmer's motion for relief from judgment failed to specify the grounds upon which he was entitled to relief from judgment. Furthermore, even if Palmer specified the grounds for relief from judgment, the district court expressly found the required unique and compelling circumstances lacking. Therefore, the district court acted within the bounds of its discretion and consistently with legal standards in denying Palmer's motion for relief from judgment.

**3. The district court reached its decision to deny Palmer's motion for relief from judgment pursuant to Rule 60(b) by an exercise of reason.**

In denying Palmer's motion for relief from judgment, the district court determined: "[U]nder 60(b) you have to show unique and compelling circumstances. And I haven't seen unique and compelling circumstances by which I can grant a new trial under 60(b)." Thus, the district court reached its decision to deny Palmer's motion for relief from judgment by an exercise of reason.

## IV.

## CONCLUSION

The district court did not abuse its discretion when it denied Palmer's motion for a new trial pursuant to I.R.C.P. 59(a)(6) and did not abuse its discretion when it denied Palmer's motion for relief from judgment pursuant to I.R.C.P. 60(b). Neither party requested attorney fees on appeal. Costs to the respondent.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS, and EISMANN concur.