# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45554

IN RE: PREFILING ORDER DECLARING
VEXATIOUS LITIGANT, PURSUANT TO
I.C.A.R. 59

_____

MARK D. COLAFRANCESCHI,

      **Vexatious Litigant-Appellant,**

v.

MELISSA MOODY, Administrative District
Judge, Fourth Judicial District,

      **Respondent.**
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2018 Term

Filed: February 25, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Melissa Moody, Administrative District Judge.

The order of the administrative district judge is <u>affirmed</u>.

Mark D. Colafranceschi, *pro se*, for appellant.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

_____

PER CURIAM.

    This is an appeal of an administrative order entered by Administrative District Judge Melissa Moody for the Fourth District declaring appellant, Mark D. Colafranceschi (Colafranceschi), a vexatious litigant pursuant to Idaho Court Administrative Rule 59. Colafranceschi appeals that order, arguing that the administrative judge erred in declaring him a vexatious litigant. For the reasons set forth in this opinion, we affirm the administrative district judge's order finding Colafranceschi a vexatious litigant and uphold the order prohibiting Colafranceschi from filing any new *pro se* litigation in the courts of this state without first obtaining leave of a presiding judge.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Colafranceschi and his former wife, Julie Neustadt (Neustadt), have been involved in contentious litigation dating back to May 6, 2016. On March 16, 2017, Neustadt's attorney, Scot Ludwig (Ludwig), filed a motion to refer Colafranceschi to the administrative judge to determine if he was a vexatious litigant pursuant to I.C.A.R. 59. In response, Colafranceschi filed an objection to that motion on March 20, 2017, and another one on March 29, 2017. In addition, he filed a document titled "Rule 59" in which he requested a hearing on Ludwig's motion. He also filed a document with the administrative judge on April 12, 2017, reiterating many allegations against Neustadt and requesting that the court allow him to call Neustadt and other witnesses to respond to the allegation he was a vexatious litigant.

On April 19, 2017, the administrative district judge filed Proposed Findings and Notice of Intent to Issue a Prefiling Order. The proposed findings stated that Colafranceschi's conduct satisfied I.C.A.R. 59(d)(1), (d)(2), and (d)(3) — three of the four grounds upon which a person may be found to be a vexatious litigant. She determined that Colafranceschi had satisfied I.C.A.R. 59(d)(1) because in the preceding seven years he had represented himself in at least three cases that were finally determined adversely to him.[1] Next, the administrative judge determined that Colafranceschi had satisfied I.C.A.R. 59(d)(2) because he repeatedly relitigated outcomes in two cases. Finally, she determined he had satisfied I.C.A.R. 59(d)(3) because he had propounded discovery requests for improper purposes.

On May 1, 2017, Colafranceschi filed a written objection to the administrative district judge's proposed findings. In that objection, he requested that the order in which the administrative judge issued her findings be dismissed, or in the alternative, that he be allowed to present evidence to counter the findings. On June 12, 2017, the administrative judge granted his request and scheduled a hearing for August 7, 2017. Colafranceschi submitted exhibits and subpoenaed witnesses for the hearing.

During the August 7 hearing, Ludwig objected to Neustadt being compelled to testify. The administrative judge sustained the objection, releasing Neustadt, and another witness,[2] from

---

[1] The three cases identified by the administrative judge in her order are *Colafranceschi v. Schoonover*, No. CV-2010-312C (Valley County); *Colafranceschi v. Schoonover*, No. CV-2012-375C (Valley County); and *Colafranceschi v. Briley*, No. CV-2012-376C (Valley County).

[2] The other witness was Durena Schoonover (Schoonover). Colafranceschi had previously cohabited and fathered a child with Schoonover. Colafranceschi had sued Schoonover for custody of their son.

their subpoenas. At the hearing, Colafranceschi claimed for the first time that he had contacted attorneys prior to filing the lawsuits cited and relied upon by the administrative judge in her proposed findings. He claimed that those attorneys told him that his lawsuits had merit. However, he failed to subpoena any of the attorneys or obtain any affidavits from them. In order to give Colafranceschi the opportunity to verify the claims raised, the administrative judge gave Colafranceschi until September 7, 2017 — she later extended the date to October 15, 2017 — to submit affidavits from the attorneys. Colafranceschi submitted affidavits from the following individuals: Curt McKenzie, Carol Griffith, Sam Johnson (Johnson), Nate Peterson, Terri Melcher (Melcher), and himself. The administrative judge found that only two of these affidavits, those from Johnson and Melcher, contained information relevant to the court's findings.

On November 6, 2017, after reviewing the evidence presented at the August 7 hearing as well as the post-hearing affidavits, the administrative judge dismissed the proposed findings under I.C.A.R. 59(d)(1) and 59(d)(2) but sustained the finding under 59(d)(3). The judge dismissed the proposed finding under I.C.A.R. 59(d)(1) because Melcher, an attorney in another state, had advised Colafranceschi that one of his cases had some merit; thus, that case would not be relied on to determine him to be a vexatious litigant. The administrative judge also concluded her proposed finding under I.C.A.R. 59(d)(2) was unfounded because, in one of the cases she cited, Colafranceschi quoted Justice Schroeder stating, "[i]t was not unreasonable for [Colafranceschi] to retry the custody issues." Consequently, the administrative judge found that the case could not be relied on to support finding him a vexatious litigant.

However, the administrative judge affirmed her original proposed finding that Colafranceschi was a vexatious litigant under I.C.A.R. 59(d)(3). The finding stated,

> Mr. Colafranceschi has engaged in a pattern of conducting frivolous discovery, or discovery solely intended to cause unnecessary delay, in the following case[:]
>
> 1. *Neustadt v. Colafranceschi*, Valley County case no. CV 2016-125-C. In a divorce case, Mr. Colafranceschi propounded over 380 discovery requests, including 337 requests for admission. These requests included asking Petitioner to describe the nature and duration of her affairs with other married men in the last ten years and to admit that another man had raped her. Aff. of Scot Ludwig Ex. 8, at 3, 6. The court concluded that many of these requests were irrelevant. Mr. Colafranceschi filed several motions to compel responses to his discovery requests, at least

3

one of which was denied in its entirety. Order Den. Mot. to
Compel, Oct. 6, 2016.

The administrative judge wrote "no evidence or argument alters the Court's conclusion with respect to" the proposed findings under I.C.A.R. 59(d)(3). In addition to her administrative order finding Colafranceschi a vexatious litigant, the administrative judge issued an order prohibiting Colafranceschi from filing any new *pro se* civil actions in Idaho courts without first obtaining leave of the court where the litigation is to be filed. Colafranceschi timely appealed.

## II.  ISSUE PRESENTED ON APPEAL

Whether the administrative district judge abused her discretion when she found Colafranceschi a vexatious litigant based on I.C.A.R. 59(d)(3).

## III.  STANDARD OF REVIEW

A person determined to be a vexatious litigant by an administrative judge may appeal the order to this Court as a matter of right. I.C.A.R. 59(f). Determining a person to be a vexatious litigant is within the sound discretion of the administrative judge. *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013). When reviewing a lower court's decision for an abuse of discretion, this Court must analyze "whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citing *Hull*, 163 Idaho at 250, 409 P.3d at 830). The appellant has the burden of showing the lower court abused its discretion. *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. This Court will not set aside findings of fact unless they are clearly erroneous. I.R.C.P. 52(a)(7). Findings of fact are not clearly erroneous if they are supported by substantial and competent evidence. *Hull v. Giesler*, 163 Idaho 247, 409 P.3d 827, 830 (2018).

"This Court adheres to the rule that persons acting *pro se* are held to the same standards and rules as those represented by attorneys." *Huff v. Singleton*, 143 Idaho 498, 500, 148 P.3d 1244, 1246 (2006) (citing *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005)).

## IV.  ANALYSIS

**A.  The record before this Court as presented by Colafranceschi is inadequate.**

The record provided to this Court does not contain all of the necessary documents for this Court to adequately review the decision being appealed. In her decision, the administrative judge referenced 380 discovery requests propounded by Colafranceschi. However, none of these

discovery requests were included as part of the record on appeal. The administrative judge also wrote that the requests asked, "Petitioner to describe the nature and duration of her affairs with other married men in the last ten years and to admit that another man had raped her." For this statement, the administrative judge cited an affidavit from Ludwig and the accompanying exhibits. However, neither Ludwig's affidavit nor the exhibits were included in the record. Finally, the administrative judge wrote that the underlying court found the requests to be irrelevant and even denied Colafranceschi's motions to compel. The motions and the order denying those motions were not included in this record on appeal. Given that many of Colafranceschi's arguments revolve around whether evidence was properly considered, these documents should have been provided by Colafranceschi in order for him to challenge the administrative judge's factual findings.

While these documents were available to the administrative judge when she made her decision, the documents were not included in the record on appeal. This Court has previously held that it is "bound by the record on appeal and 'cannot consider matters or materials that are not part of the record or not contained in the record.'" *Kootenai Cnty. v. Harriman-Sayler*, 154 Idaho 13, 16, 293 P.3d 637, 640 (2012) (quoting *Chisholm v. Dep't of Water Res.*, 142 Idaho 159, 162, 125 P.3d 515, 518 (2005)).

"The party appealing a decision of the district court bears the burden of ensuring that this Court is provided a sufficient record for review of the district court's decision." *Gibson v. Ada Cnty.*, 138 Idaho 787, 790, 69 P.3d 1048, 1051 (2003) (citations omitted). Consequently, "[w]hen a party appealing an issue presents an incomplete record, this Court will presume that the absent portion supports the findings of the district court." *Hansen v. White*, 163 Idaho 851, 853, 420 P.3d 996, 998 (2018) (citing *Gibson*, 138 Idaho at 790, 69 P.3d at 1051). In addition, this Court "will not presume error from a 'silent record or from the lack of a record.'" *Gibson*, 138 Idaho at 790, 69 P.3d at 1051 (citations omitted).

Here, as Colafranceschi has the burden to prove the court below erred and to ensure a sufficient record, the missing documents noted above are presumed to support the administrative judge's findings.

**B. The administrative district judge did not abuse her discretion by designating Colafranceschi a vexatious litigant.**

As previously noted, when this Court reviews an alleged abuse of discretion by an administrative judge, it determines if the lower court: "(1) correctly perceived the issue as one of

discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *My Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

It is undisputed that the administrative judge perceived the issue as one of discretion. It is also undisputed that she acted within the boundaries outlined by Idaho Administrative Court Rule 59. The issue presented here is whether the administrative judge acted consistently with the applicable legal principles and reached her decision by an exercise of reason.

1. <u>The administrative judge acted "consistently with the legal standards applicable to the choices before" her because she applied the correct legal standard to Colafranceschi's conduct.</u>

Generally, under an abuse of discretion analysis, a lower court's decision will be reversed when the lower court "fail[ed] to apply governing legal standards . . . ." *See 917 Lusk, LLC v. City of Boise*, 158 Idaho 12, 18, 343 P.3d 41, 47 (2015); *see also State v. Thompson*, 132 Idaho 628, 635, 977 P.2d 890, 897 (1999).

Here, the governing legal standards to designate someone a vexatious litigant are set forth in I.C.A.R. 59. Subsection (d) permits an administrative judge to declare someone a vexatious litigant if the judge makes a finding that the person has engaged in any one of four types of conduct. I.C.A.R. 59(d)(1)–(4).

As relevant here, I.C.A.R. 59(d)(3) states:

(d) An administrative judge may find a person to be a vexatious litigant based on a finding that a person has done any of the following:
    . . . .
(3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

Here, the administrative judge applied the correct governing legal standard to Colafranceschi's conduct. The administrative judge found that Colafranceschi had propounded discovery requests for improper purposes. Many of the requests concern extremely personal and highly sensitive subject matter. The administrative judge specifically found that the nature and volume of the irrelevant questions were frivolous and "solely intended to cause unnecessary delay." In addition, the administrative judge found that Colafranceschi filed several motions to compel responses, and one was denied in its entirety. The administrative judge employed the

6

plain language of the Rule to find Colafranceschi a vexatious litigant based on his conduct. Accordingly, she did not abuse her discretion.

Colafranceschi argues that the administrative judge failed to apply the governing legal standard outlined in *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990). However, the factors outlined in *De Long* relate to the standard applicable in federal court not Idaho state court. *See De Long,* 912 F.2d at 1147–48. The factors outlined in *De Long* do not correspond with any of the requirements in I.C.A.R. 59; thus, those factors are inapplicable to Idaho courts and this proceeding. *Compare De Long*, 912 F.2d at 1147–48, *with* I.C.A.R. 59. Consequently, the case law cited by Colafranceschi is not the governing legal standard, and the administrative judge exercised appropriate judgment in applying the correct legal standard.

2. <u>The administrative judge designated Colafranceschi as a vexatious litigant by an exercise of reason.</u>

"The role of this Court, in determining if the district court reached its decision by an exercise of reason, is to review the process the district court engaged in to make its decision." *Palmer v. Spain*, 138 Idaho 798, 801–02, 69 P.3d 1059, 1062–63 (2003) (citing *Sheridan v. St. Lukes Reg'l. Med. Ctr.*, 135 Idaho 775, 781, 25 P.3d 88, 94 (2001)). In order for this Court to perform this function properly, "the district court must disclose its reasoning . . . unless its reasoning is obvious from the record." *Palmer*, 138 Idaho at 802, 69 P.3d at 1063 (citations omitted). Generally, this Court reviews the lower court's decision for reasonableness. *See id.*

Here, the administrative judge designated Colafranceschi as a vexatious litigant through an exercise of reason. The administrative judge's written findings were based on a reasoned consideration of the relevant evidence and testimony presented. After considering new evidence offered by Colafranceschi both during the August 7 hearing and in post-hearing affidavits, the administrative judge specifically noted why such evidence required her to reject her previous findings under I.C.A.R. 59(d)(1) and (d)(2). Colafranceschi provided Melcher's affidavit, which indicated that one of his *pro se* cases had some merit, at least in Melcher's opinion. After reviewing this affidavit, the administrative judge rescinded her proposed findings under Rule 59(d)(1).[3] In addition, the administrative judge similarly rescinded her findings under Rule

---

[3] The administrative judge's rescission of her finding under I.C.A.R. 59(d)(1) reflects her willingness to give Colafranceschi every benefit of the doubt. First, recognizing that it was not necessarily reasonable to rely on an opinion from an out-of-state attorney, the administrative judge nevertheless gave credence to that attorney's opinion.

59(d)(2) because in one of the two cases cited by her, Justice Schroeder had written that it was "not unreasonable" for Colafranceschi to retry issues related to his child's custody determination.

However, the administrative judge found that no evidence or argument presented at the hearing "alter[ed] the Court's conclusion" with respect to her finding under subsection 59(d)(3). The process outlined above demonstrates that the administrative judge acted with reason and deliberation. She rejected her proposed findings when provided with evidence that cast doubt on those findings. Therefore, the administrative judge reached her conclusion through reason and did not abuse her discretion.

## C. The numerous arguments advanced by Colafranceschi that the administrative judge abused her discretion are not persuasive.

Colafranceschi makes numerous arguments that the administrative judge abused her discretion. Many of his arguments contend that the judge did not properly consider the evidence presented. His list of examples include: improperly weighing an affidavit by Carl Miller related to the use of the judicial system to harass witnesses; giving too much weight to Neustadt's distress in the courtroom; failing to consider a list of "bad acts" allegedly committed by Neustadt; and failing to consider Neustadt's statement that she would pay any amount of money to ensure Colafranceschi received nothing.

These arguments do little more than seek to relitigate the facts and argue that the lower court improperly weighed evidence. However, this Court "will not substitute [its] view of the facts for the view of the district court." *Mortensen v. Berian*, 163 Idaho 47, 50, 408 P.3d 45, 48 (2017) (citing *Marshall v. Blair*, 130 Idaho 675, 679, 946 P.2d 975, 979 (1997)). Further, as noted previously, this Court will not set aside the findings of fact unless they are clearly erroneous. I.R.C.P. 52(a)(7). The administrative judge found Colafranceschi's conduct satisfied I.C.A.R. 59(d)(3), and her findings are supported by substantial and competent evidence. Colafranceschi's argument to the contrary is unavailing.

Another argument advanced by Colafranceschi is that the administrative judge failed to appreciate that Neustadt, Neustadt's attorney, and the judge signing the motion may have had ulterior motives in having Colafranceschi referred to the administrative judge. He quotes the

---

Further, the administrative judge was not legally obliged to rescind her finding. I.C.A.R. 59(d)(1) only requires that "the person has commenced, prosecuted or maintained pro se at least three litigations . . . that have been finally determined adversely to that person." There is no safe harbor in the Rule for claims in which the *pro se* litigant obtained a supportive legal opinion, from a lawyer not licensed in Idaho, before filing his case.

administrative judge stating, "if [Neustadt] had malicious motives in filing a motion for you to be declared a vexatious litigant, why would that matter? I don't look at her motives. I don't consider whether she is doing something to hurt you or not."

As the administrative judge correctly noted, I.C.A.R. 59 does not require the administrative judge to inquire into the motives of a person who may refer a potential vexatious litigant to the administrative judge. The Rule only requires the administrative judge to review the litigant's conduct to determine whether it fits within one of the four categories described in subsection (d). I.C.A.R. 59.

Colafranceschi also argues that the administrative judge erred by declaring him a vexatious litigant based on his conduct in one case. However, this is not a limitation in the Rule. I.C.A.R. 59(d)(3) does not require multiple cases for its application. The language only states "[i]n any litigation while acting pro se." *Id.* Therefore, while multiple cases might bolster a court's decision, it is not a requirement under the Rule.

Similarly, Colafranceschi claims the administrative judge erred because her findings were based on only one set of discovery. There is no required number set by the Rule or by case law. *See* I.C.A.R. 59(d)(3). Rather, the Rule only requires a litigant to either (1) conduct "unnecessary discovery," (2) to "repeatedly file[] unmeritorious motions," or (3) to "engage in other tactics that are frivolous or solely intended to cause delay." I.C.A.R. 59(d)(3).

Here, Colafranceschi propounded 380 discovery requests. The administrative judge found that he had conducted unnecessary discovery, much of which was irrelevant. He also filed "several" motions to compel answers to that discovery, "at least one of which was denied in its entirety." As Colafranceschi's behavior runs afoul of the Rule, the administrative judge did not abuse her discretion.

Colafranceschi argues that the administrative judge should have recused herself from the proceedings. However, Colafranceschi did not file a motion to have the administrative judge recuse herself, nor did he offer any argument as to why she should not have sat on the case. "An argument not raised below and not supported in the briefs is waived on appeal." *Doe (2010-15) v. Doe*, 150 Idaho 432, 436, 247 P.3d 659, 663 (2011) (citing *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007)). In addition, Colafranceschi cites no legal authority as to why the administrative judge should have recused herself. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("We will not consider an issue not 'supported by argument and

9

authority in the opening brief.'" (quoting *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008))).

Next, Colafranceschi alleges that he was unfairly declared a vexatious litigant because the questions that are being referenced to declare him a vexatious litigant are the same questions reworded, edited, and asked by his attorney; thus, they should not be considered vexatious in his *pro se* case. The discovery questions for both cases are not a part of this record.

Regardless of the incomplete record, Colafranceschi's argument regarding the similarity of the requests is supported by comparing the Requests for Admissions in the First Set of Discovery/Civil Action (in which Colafranceschi was represented by an attorney) and the Requests for Admissions filed in the divorce action (in which Colafranceschi appeared *pro se*). However, even if this Court were to agree with Colafranceschi, it is not the content of the questions alone that the administrative judge relied on to declare him a vexatious litigant. In the divorce case, Colafranceschi submitted over 380 discovery requests and 337 requests for admission. There is no evidence in the record, nor does Colafranceschi argue, that his attorney in the civil case even approached the number of discovery requests he filed. Many of these discovery questions were determined to be irrelevant for the purposes of the divorce proceeding. In addition, he filed motions to compel in that case, one that was denied in its entirety. It was within the administrative judge's discretion to determine that Colafranceschi conducted "unnecessary discovery" and "engaged in tactics that are frivolous or solely intended to cause unnecessary delay." That is all that is required under I.C.A.R. 59(d)(3).

Last, Colafranceschi argues that the divorce case, in which he made the numerous discovery requests, does not have a final determination. However, I.C.A.R. 59(d)(3) does not have a finality requirement. It only requires that the conduct occur "[i]n any litigation while acting pro se." I.C.A.R. 59(d)(3). Although it is true other portions of subsection (d) require a final determination, that is not the case for I.C.A.R 59(d)(3). *Compare* I.C.A.R 59(d)(3), *with* I.C.A.R. 59(d)(1) *and* I.C.A.R. 59(d)(2). Consequently, the administrative judge did not abuse her discretion by evaluating Colafranceschi's behavior in a case that had not reached a final determination. (As an aside, it makes sense that an individual could be found to be a vexatious litigant before a case ends, especially if the behavior giving rise to the finding causes unnecessary delay.)

Given the reasons set forth, Colafranceschi's arguments that the administrative judge abused her discretion are unpersuasive.

## V. CONCLUSION

We affirm the administrative judge's order declaring Colafranceschi a vexatious litigant as well as her determination that Colafranceschi must obtain leave of the appropriate court before he may file anything *pro se* in the future.