# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50971

BRIAN ERIC HOLLIS, )
)
  Petitioner-Appellant, )
)
                        **Boise, April 2024 Term**
v. )
)                       **Opinion Filed: July 3, 2024**
STATE OF IDAHO, )
)                    **Melanie Gagnepain, Clerk**
  Respondent. )
_____ )

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The judgment of the district court is <u>vacated</u>, the decisions of the district court are <u>reversed</u>, and the case is <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, Appellant. Kimberly A. Coster argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kale D. Gans argued.

_____

BRODY, Justice.

This appeal concerns the summary dismissal of Brian Hollis' petition for post-conviction relief following the denial of his attorney's motions to withdraw and for a continuance. For the reasons set forth below, we vacate the judgment dismissing the petition for post-conviction relief and remand this case for further proceedings consistent with this opinion.

## I.   Factual and Procedural Background

In 2018, Hollis pled guilty to one count of lewd conduct with a minor under sixteen, Idaho Code section 18-1508, and four counts of sexual exploitation of a child, Idaho Code section 18-1507(2)(b). He also admitted to being a repeat sexual offender under Idaho Code section 19-2520G(2), which is a sentence enhancement statute that mandates a fifteen-year minimum term of confinement for individuals previously convicted of a crime requiring

1

registration as a sex offender under Idaho Code section 18-8304 or a substantially equivalent offense in another state.

At sentencing, the district court imposed an indeterminate life sentence with twenty-five years determinate on the lewd conduct charge and concurrent determinate sentences of fifteen years for each of the sexual exploitation charges. On direct appeal, the Idaho Court of Appeals, in an unpublished opinion, affirmed his conviction and sentence. *State v. Hollis*, No. 46075, 2020 WL 2066246 (Idaho Ct. App. Apr. 29, 2020). Hollis subsequently filed a pro se petition for post-conviction relief, alleging ineffective assistance of trial counsel, and requested the appointment of post-conviction counsel at public expense. The district court granted his request and appointed the Kootenai County Public Defender to represent him. Thereafter, Hollis was represented by a conflict public defender ("conflict counsel") after the filing of a notice of substitution of counsel.

On September 21, 2021, the State filed a motion for summary disposition of Hollis' petition for post-conviction relief, and the motion was set for an October 19, 2021, hearing. On the deadline to respond to the State's motion, Hollis' conflict counsel filed a motion for leave to withdraw, stating that he was no longer able to "ethically or effectively represent" Hollis due to statements made by the district court judge against conflict counsel in a similar post-conviction case in which the district judge indicated that he had lied to the court:

> This motion is made based upon the fact that due to accusations by the District Judge against Counsel for making a lie in a different but similar case, Counsel can no longer ethically or effectively represent Mr. Hollis. Further, Counsel is appointed through the Kootenai County Public Defender's Conflict program and as such, new counsel will be appointed.

Conflict counsel also filed a motion to continue the summary disposition hearing for the same reason:

> The reason for the continuance is that an ethical issue has arisen due to the fact that the District Judge has made allegations that Counsel for the Petitioner lied in argument in a different post-conviction case that is similar in nature to this matter. Counsel for the Petitioner must now consult with numerous individuals and entities, including but not limited to his client and the administrator of the Kootenai County Conflict Public Defender program regarding the next steps in the case.

The prosecuting attorney assigned to the case signed the motion to continue, indicating that the State had no objection to the continuance. Thereafter, on October 15, 2021, Hollis filed a notice of hearing and a motion to shorten time to hear these motions.

On October 19, 2021, the day scheduled for hearing the State's motion for summary disposition of the post-conviction petition, the district court first took up the motion to withdraw. Conflict counsel represented that he could not ethically proceed with representing Hollis due to the allegation by the district court judge that he had lied in a similar post-conviction proceeding:

> It's based on [the fact] there's been an ethical allegation against me by the [c]ourt in a different but similar case. The [c]ourt stated that a bolded section of a sentence that I had used was a lie, and so ethically, I cannot proceed. It's -- when an attorney is accused of lying to the court, I don't see how -- how I can ethically or fundamentally, as I put in my motion, continue to represent Mr. Hollis . . . . I simply can't proceed in this similar action to the one where I've been alleged to have lied to the [c]ourt.

Conflict counsel also informed the district court that "Hollis was going to Zoom in on this," but had agreed to the withdrawal:

> Mr. Hollis was going to Zoom in on this, but he has agreed, given the big picture so to speak, that I should -- that he should get a new lawyer, so I'm asking to be allowed to withdraw, not based on bias or prejudice but based on an ethical reason . . . .

The State did not object to the withdrawal and left the matter "to the [c]ourt's discretion."

The district court denied the motion to withdraw. Ruling from the bench, the district court stated that withdrawal "was not the appropriate vehicle" because Hollis would risk proceeding without counsel or losing his case by default, absent notice to Hollis regarding his attorney's withdrawal. Instead, the district court concluded "the most elegant method for [conflict counsel] to deal with this situation" was through a substitution of counsel:

> [Withdrawal is] really not the appropriate vehicle here. If the [c]ourt were to grant the motion, then Mr. Hollis is faced with the choice of representing himself pro se and, absent his filing notice with the [c]ourt, he may lose his post-conviction relief case by default, so I'm not really understanding how [conflict counsel] can be appointed as conflict public defender and then subsequently feel that he needs to withdraw and, instead of a motion to withdraw, isn't filing a notice of appearance by some other conflict defender. That to me would be the simplest and most elegant method for [conflict counsel] to deal with this situation that he claims has arisen as a result of some other case, making that claim on October 5th, which I think would've been after his response was due in this case
>
> . . . .
>
> . . . At any rate, the motion is denied, and so [conflict counsel], you are his attorney for today's hearing. You can be heard on your motion to continue if you want to have that motion heard.

After denying the motion to withdraw, the district court heard argument on the motion for a continuance of the summary disposition hearing. Conflict counsel again explained that a continuance was needed because he was not "ethically able" to present arguments to the court in Hollis' case, given the court's "allegations that I lie to the court[.]" The district court reiterated that a substitution of counsel through the public defender's office rather than a motion to withdraw should have been made in the fourteen-day period between the filing of the motion to continue and the hearing on the motion:

[conflict counsel:]   . . . My motion to continue was -- is tied basically for the same reason. I'm not ethically able to present an argument to the [c]ourt responding to the State's motion for summary dismissal when there's been allegations that I lie to the [c]ourt, so I asked the State if they would be willing to agree to a continuance so that I could speak with [the administrator for the conflict public defender program] and find out the procedures for getting a new lawyer, and the new lawyer -- the procedures for getting the new lawyer are to withdraw, and then [the administrator] will appoint a new lawyer. The continuance was so that could happen and so that the new lawyer could respond without having ethical allegations hanging over his or her head.

[district court:]   But your motion to continue doesn't make any reference to any of that. It just says you want a continuance. You want to consult with [the administrator], but is there a reason that you haven't done that in the last fourteen days? You signed this—

[conflict counsel:]   I have con—

[district court:]   Could I finish, please?

[conflict counsel:]   I'm sorry, Your Honor.

[district court:]   Your motion to continue is signed October 5th. We're here on October 19th, and you haven't made that call to [the public defender administrator]?

[conflict counsel:]   I have made that call, and that was why I immediately filed the motion to withdraw, because that's the procedure is [sic] for the court to grant to withdraw, and then Mr. Hollis will be assigned a new conflict public defender.

[district court:]   Why wouldn't substitution be the appropriate way to do that?

[conflict counsel:]   That is a question for the conflict public defender program, Your Honor.

[district court:]   I think that's a question for you. I'm asking that question of you.

4

[conflict counsel]: The procedures are to be granted leave from the court basically to be substituted in for, I guess that would be another way to put it, and that is the way that--in my time with the program for the post-conviction matters, that's the way it's been done is we are given leave from the court to withdraw, and then it goes back in the hopper, so to speak, and is reassigned to a new attorney.

Following this exchange, the district court denied the motion to continue, remarking that it was improper for the same reason that the motion to withdraw was improper:

All right. I'm denying the motion to continue. I'm -- well, we're here on the motion for summary disposition. That was filed way back on September 21st, 2021, and . . . [i]t was noticed up for hearing for today on September 21st. No motion to withdraw, no motion to continue filed until October 5th. I've already indicated that the motion to withdraw is improper and has been denied, and the motion to continue is improper as well. It was incumbent upon counsel for the petitioner to get a substitution if there truly was a conflict perceived by current counsel. That hasn't happened.

After hearing argument from both parties, the district court subsequently granted the State's motion for summary disposition, holding, among other things, that Hollis had not supported "any of his claims with any admissible evidence, period. Zero." The district court subsequently entered a written order denying the motion to withdraw, with two additional grounds for denying the motion: (1) conflict counsel's failure to notify Hollis of the motion to withdraw pursuant to Idaho Rule of Civil Procedure 11.3(b)(1), and (2) conflict counsel's failure to identify good cause to withdraw pursuant to Rule 11.3(b).

Hollis timely appealed, and the Idaho Court of Appeals affirmed the district court's decisions in an unpublished opinion. *Hollis v. State*, Docket No. 49335, 2023 WL 2674609 (Idaho Ct. App. Mar. 29, 2023). Hollis then petitioned this Court for review, which we granted.

## II.    STANDARDS OF REVIEW

"In cases that come before this Court on a petition for review of a Court of Appeals decision, this Court gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Passons*, 163 Idaho 643, 645, 417 P.3d 240, 242 (2018) (quoting *State v. Garcia-Rodriguez*, 162 Idaho 271, 274, 396 P.3d 700, 703 (2017)).

A trial court's decision to grant or deny an attorney's motion for leave to withdraw is reviewed for an abuse of discretion. *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 624,

5

474 P.3d 683, 696 (2020) (citing *Travelers Ins. Co. v. Ultimate Logistics, LLC* (*In re Idaho Workers Comp. Bd.*), 167 Idaho 13, 24, 467 P.3d 377, 388 (2020)). "Likewise, '[a] trial court's decision to grant or deny a continuance will not be overturned unless the decision was an abuse of discretion.' " *In Int. of Doe I (2019-39)*, 166 Idaho 546, 554, 462 P.3d 74, 82 (2020) (alteration in original) (quoting *In Int. of Doe (2018-24)*, 164 Idaho 143, 146, 426 P.3d 1243, 1246 (2018)). When reviewing a trial court's decision for abuse of discretion, this Court assesses "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### III.  ANALYSIS

**A. The district court erred by proceeding with the summary disposition hearing without first addressing conflict counsel's alleged ethical concern.**

On appeal, Hollis challenges the district court's decisions denying conflict counsel's motion to withdraw and motion to continue. First, he argues the district court's holding, that the motion to withdraw was improper, was "not supported by the language of the relevant rule or by the record in this case." Second, he argues the district court erred by finding that conflict counsel failed to provide adequate notice of the motion to withdraw under Idaho Rule of Civil Procedure 11.3. Third, he argues the district court erred by finding that "no good cause was presented by counsel for [Hollis] as required by I.R.C.P. 11.3(b)[.]" (Emphasis omitted.)

Conflict counsel's motion to withdraw and motion to continue were both predicated on his asserted inability to ethically or effectively represent Hollis following the district court's accusations of dishonesty in a separate proceeding. Yet, the district court never addressed the merits of this claim at the time of the hearing. Rather, during the hearing, the district court denied conflict counsel's motion to withdraw and motion to continue based on its erroneous conclusion that the motions were "improper." After the hearing was over and the district court granted the State's motion for summary disposition, the district court entered a written order summarily denying the motion to withdraw on two additional bases: lack of good cause for the withdrawal and failure to provide notice as required by Idaho Rule of Civil Procedure 11.3(b)(1).

While the district court correctly determined that conflict counsel failed to notify Hollis of the motion to withdraw as required by Idaho Rule of Civil Procedure 11.3(b)(1), we conclude

6

that the district court abused its discretion when it denied the motions to withdraw and to continue the summary disposition hearing without first addressing conflict counsel's alleged ethical concern. Accordingly, we vacate the judgment entered by the district court, reverse the denial of the motions to withdraw and continue, and remand the case for further proceedings consistent with this opinion.

1. *The district court erred when it determined that the motion to withdraw and motion to continue were improper.*

The district court denied conflict counsel's motion for leave to withdraw and motion to continue based on its conclusion that the motions were "improper." The district court explained that withdrawal is "really not the appropriate vehicle here" because Hollis would risk proceeding without counsel or losing his case by default absent notice from Hollis regarding his self-representation. Rather, the district court insisted, "the most elegant method for [conflict counsel] to deal with this situation" was through a substitution of counsel. The district court made the same type of statement when it denied Hollis' motion to continue, stating "it was incumbent upon [conflict counsel] to get substitution if there truly was a conflict perceived by" conflict counsel. We hold that the district court erred because its decision did not comply with the third and fourth prongs of *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

The district court's decision violated the third prong of *Lunneborg* because the applicable rule of procedure did not require Hollis' counsel to file a motion for substitution rather than a motion to withdraw. "Actions for post-conviction relief are governed by the Idaho Rules of Civil Procedure because they are civil in nature." *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020) (citing *Pizzuto v. State*, 127 Idaho 469, 470, 903 P.2d 58, 59 (1995)). Rule 11.3 sets forth two ways an attorney can cease representing a client in a case—substitution and withdrawal. *Id.* at 333, 45 P.3d at 202. Rule 11.3 states, in relevant part:

**(a) Substitution of Attorney.**
(1) In General. An attorney may be substituted by filing written notice with the court. The notice must be signed by both the new attorney and the withdrawing attorney.
. . . .
**(b) Withdrawal of Attorney.**
(1) Leave of Court Required. To withdraw from an action, except by substitution, an attorney must first obtain leave of the court. The attorney seeking to withdraw must file a motion with the court and set the matter for hearing, and must provide notice to all parties, including the party the

7

withdrawing attorney represents in the proceeding. The attorney must provide the last known address of the client in any notice of or motion for withdrawal.

I.R.C.P. 11.3(a)(1), (b)(1). Notably, nothing in this rule indicates that one method is preferred, or required, over the other. Nor does the district court's view that substitution was the "most elegant method" to address this situation provide grounds to deny the motion to withdraw. Rather, an attorney may elect *either* option when seeking to cease representing a client. Although, as the district court noted, granting withdrawal under Rule 11.3(b) would mean Hollis risked losing "his post-conviction relief case by default" if he later failed to file a notice of appearance as required by Rule 11.3(c)(3), this potential consequence alone is not grounds for holding that the motion to withdraw was improper.

Furthermore, conflict counsel explained to the district court why substitution of counsel was not an available option in this instance. As conflict counsel explained, "the procedures for getting the new lawyer are to withdraw, and then [the public defenders administrator] will appoint a new lawyer." The information the administrator provided to conflict counsel indicated that a request for leave to withdraw was necessary before new counsel would be appointed. Given that conflict counsel could not unilaterally appoint new counsel to represent his indigent client, it follows that he could not have secured a notice of the substitution "signed by both the new attorney and the withdrawing attorney" as required by Rule 11.3(a)(1).

For these reasons, we conclude that the district court abused its discretion in holding that the motion to withdraw and motion to continue were improper.

> 2. *The district court failed to exercise reason by proceeding with the summary disposition hearing without first addressing the merits of conflict counsel's alleged ethical concern.*

We must next determine whether the district court's judgment can be sustained on one of the grounds contained in the district court's subsequent written order denying the motion to withdraw. "When a decision is 'based upon alternative grounds, the fact that one of the grounds may be in error is of no consequence and may be disregarded if the judgment can be sustained upon one of the other grounds.' " *Andersen v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005) (quoting *MacLeod v. Reed*, 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct. App. 1995)). Here, the district court's written order identified two alternative grounds for denying the motion to withdraw. First, the district court stated, "no good cause was presented by

counsel for respondent under" Idaho Rule of Civil Procedure 11.3(b)(2), and second, "counsel for respondent had failed to notify his client as required by" Idaho Rule of Civil Procedure 11.3(b)(1). However, the district court did not provide its reasoning for either of these conclusions.

"The hallmark of a discretionary decision that is not reached by an exercise of reason is arbitrariness." *State v. Le Veque,* 164 Idaho 110, 115, 426 P.3d 461, 466 (2018) (citing *State v. Dopp*, 124 Idaho 481, 483, 861 P.2d 51, 53 (1993)). For the reasons set forth below, we determine the district court's judgment cannot be sustained on either ground because the district court's reasoning for denying the motion to withdraw on these bases was arbitrary.

    a.   The district court's ruling on good cause was arbitrary because the district court did not provide its reasoning for the ruling and its reasoning is not obvious from the record.

"[T]he role of this Court, in determining if the district court reached its decision by an exercise of reason, is to review the process the district court engaged in to make its decision." *Frost v. Gilbert*, 169 Idaho 250, 270, 494 P.3d 798, 818 (2021) (quoting *Colafranceschi v. Moody* (*In re Prefiling Ord. Declaring Vexatious Litigant*), 164 Idaho 771, 777, 435 P.3d 1091, 1097 (2019)). "In order for this Court to perform this function properly, 'the district court must disclose its reasoning . . . .' " *Id.* (quoting *In re Prefiling Ord. Declaring Vexatious Litigant*, 164 Idaho at 777, 435 P.3d at 1097). However, "[f]ailing to provide reasoning on the record does not automatically call for reversal." *Horton v. Horton*, 171 Idaho 60, 71, 518 P.3d 359, 370 (2022) (citing *Robirds v. Robirds*, 169 Idaho 596, 606, 499 P.3d 431, 441 (2021)). We have explained "that while trial courts are typically required to disclose their reasons for discretionary decisions that directly affect the outcome of litigation, a [trial] court need not disclose reasoning when those reasons are obvious from the record itself." *Id.* (alteration in original) (quoting *Robirds*, 169 Idaho at 606, 499 P.3d at 441).

In this case, the district court did not disclose its reasoning for reaching its conclusion that "no good cause was presented by counsel for respondent under" Idaho Rule of Civil Procedure 11.3(b)(2), and its reasoning is not obvious from the record. Based on the district court's oral order denying the motion to withdraw, we could assume that this ruling was based on the district court's erroneous conclusion that the motion to withdraw was improper. We could also assume that this ruling exhibited an implicit rejection of conflict counsel's claim that he was

unable to effectively or ethically represent Hollis. Yet, as discussed below, nothing in the record suggests that the district court substantively addressed this claim. Ultimately, we are left to speculate as to whether the district court reached its conclusions through a process of reason. Therefore, we cannot affirm the denial of the motion to withdraw on this basis.

        b. <u>The failure to provide adequate notice of the motion to withdraw did not obviate the district court's duty to address conflict counsel's claim that he was unable to "ethically or effectively" represent Hollis before summarily dismissing the petition for post-conviction relief</u>.

The reasoning behind the district court's conclusion that "counsel for respondent had failed to notify his client as required by" Idaho Rule of Civil Procedure 11.3(b)(1) is obvious from the record. To withdraw from an action, an attorney must strictly comply with the notice requirements of Rule 11.3(b)(1). *Dep't of Fin., Sec. Bureau v. Zarinegar*, 167 Idaho 611, 624, 474 P.3d 683, 696 (2020) (citing *Nunez v. Johnson*, 163 Idaho 692, 695, 417 P.3d 1018, 1021 (Ct. App. 2018)). Rule 11.3(b)(1) provides in part:

> To withdraw from an action . . . [t]he attorney seeking to withdraw must file a motion with the court and set the matter for hearing, and *must provide notice to all parties, including the party the withdrawing attorney represents in the proceeding*. The attorney must provide the *last known address* of the client in any notice of or motion for withdrawal.

(Emphasis added.) "This rule ensures that a party is adequately protected from the harsh result that his or her case be dismissed with prejudice, not because the party has failed to prosecute or defend the claim, but because the party has failed to take the additional step of making a written appearance to prosecute or defend the claim." *Berg v. Kendall*, 147 Idaho 571, 578, 212 P.3d 1001, 1008 (2009) (discussing former Rule 11(b)(3), Rule 11.3's predecessor). We have also recognized that "protecting [a client] at a critical moment in the case" is a legitimate interest in deciding whether to grant a withdrawal. *Zarinegar*, 167 Idaho at 625, 474 P.3d at 697.

Here, the record includes conflict counsel's motion to withdraw and the notice of hearing for the motion to withdraw. Yet, the certificates of service attached to these documents do not indicate that notice was served on Hollis. Hollis argues that conflict counsel's remarks to the district court that "Hollis was going to Zoom in on this" and agreed that "he should get a new lawyer" establish that Hollis received notice of the motion to withdraw and the hearing on this motion. We disagree. As we have explained, "notice of the hearing on the motion to withdraw must be served in compliance with I.R.C.P. 7(b)(3)(A), which requires that notice be served so as

to be received by the parties no later than fourteen days before the hearing." *Berg*, 147 Idaho at 577, 212 P.3d at 1007 (emphasis in original). Because there is no acceptable proof in the record that the notice of the hearing was served on Hollis, we agree with the district court's conclusion that conflict counsel failed to satisfy the strict notice requirement of Rule 11.3(b).

Generally, a party's failure to strictly comply with Rule 11.3's notice requirement is fatal to an attorney's request to withdraw. Given the unique circumstances of this case, however, its application would run contrary to the Rule's purpose. Here, Hollis' conflict counsel predicated the motion to withdraw (and motion to continue) on his claim that he could "no longer ethically or effectively represent" Hollis. Yet, at no point during the hearing did the district court inquire into or substantively address conflict counsel's claim. Instead, the district court erroneously concluded that the motions were improper and proceeded with the hearing on the motion for summary disposition while conflict counsel's claim remained outstanding. The district court explained that, if conflict counsel were permitted to withdraw, Hollis risked losing "his post-conviction relief case by default" if he later failed to file a notice of appearance. Thereafter, Hollis' petition, in essence, suffered a procedural default through summary disposition because, as the district court stated, Hollis had not supported "any of his claims with any admissible evidence, period. Zero."

To remediate its concern of a potential default of Hollis' petition and the lack of proper notice of the hearing on the motion to withdraw, the district court should have granted a continuance of the hearing—as conflict counsel had requested and to which the State had no objection. Instead, conflict counsel was compelled to represent his absent, indigent client at a critical point in this litigation, regardless of his alleged ethical conflict or inability to provide effective representation. We conclude that, by failing to address the merits of conflict counsel's ethical claim before summarily dismissing Hollis' petition, the district court failed to exercise reason in denying the motion to withdraw and motion to continue. *Lunneborg*, 163 Idaho at 867, 421 P.3d at 198. Thus, this decision was arbitrary. Accordingly, we vacate the judgment entered by the district court, reverse the denials of the motions, and remand for further proceedings consistent with this opinion.

## B. A new district court judge will be assigned on remand.

We next consider whether it is appropriate to order the assignment of a new district court judge on remand. The Idaho Constitution guarantees that "justice shall be administered without

11

. . . prejudice." Idaho Const. art. I, § 18. Canon 2 of the Idaho Code of Judicial Conduct provides that "a judge shall perform the duties of judicial office impartially, competently, and diligently." Idaho Code Jud. Conduct Canon 2. Rule 2.11 of Canon 2 further states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Idaho Code Jud. Conduct Canon 2, Rule 2.11(A).

We are mindful that Hollis did not request that a new district court judge be assigned on remand. Nonetheless, the record in this case suggests an antagonistic relationship has developed between the district court and conflict counsel. This, in turn, raises concerns as to whether the district court's impartiality may be reasonably questioned. As noted above, conflict counsel filed an unopposed motion to withdraw and unopposed motion to continue based on his self-assessed inability to "ethically or effectively" represent Hollis. There is no indication from the record that: (1) conflict counsel was dilatory in seeking the withdrawal or continuance, as the motions were promptly filed the day after the district court levied its accusation against conflict counsel in another case; (2) the motions were strategic devices to delay the case from proceeding based on conflict counsel's lack of preparation for the summary disposition hearing; or (3) the State would have been prejudiced if a continuance had been granted, as the State did not oppose the motion to withdraw or the motion to continue.

However, the district court apparently ignored conflict counsel's assessment of his ethical restraints when denying both motions. While conflict counsel could have provided a more detailed explanation of how the district court's allegation would render his representation of Hollis ineffective, the district court had a duty to make further inquiries into the nature of this claim and assess the potential risk to the absent client before proceeding with the summary disposition of the petition for post-conviction relief. "It has long been judicial policy in Idaho that controversies be determined and disposed of each on its own particular facts and as substantial justice may require." *Bunn v. Bunn*, 99 Idaho 710, 711, 587 P.2d 1245, 1246 (1978). Accordingly, "[t]he exercise of judicial discretion should tend to bring about a judgment on the merits." *Id.* (citations omitted). Here, the improper exercise of judicial discretion arbitrarily compelled appointed counsel to represent an indigent client at a critical stage in the case— despite counsel's self-assessment of his inability to ethically and competently represent his client—and essentially ensured that a judgment on the merits would not occur. This, we

12

conclude, has created the appearance of bias and warrants the appointment of a new district judge on remand.

## IV.  CONCLUSION

For the forgoing reasons, we conclude that the district court abused its discretion in denying the motion to withdraw and the motion to continue. Therefore, we vacate the judgment of the district court, reverse the decisions on the motion to continue and motion to withdraw, vacate the decision granting summary disposition to the State, and remand for further proceedings consistent with this opinion. A new district court judge will be assigned to this case on remand. While the assignment of a new judge may obviate the need for conflict counsel to proceed with the motion to withdraw, we will leave that determination to Hollis' conflict counsel.

Chief Justice BEVAN, and Justices MOELLER, ZAHN, and MEYER CONCUR.

13